IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>vs.<br><br>RONALD ALOYIOUS FULLER,<br><br>                     Defendant. | 8:13-CR-227<br><br>MEMORANDUM AND ORDER |

     The Court previously granted the defendant's oral motion to continue sentencing, pending a formal motion and briefing. This matter is before the Court on that formal motion (filing 36). For the following reasons, the Court will deny the motion and set this matter for sentencing.

     The defendant's motion is based on two pieces of pending federal legislation: the Smarter Sentencing Act of 2013 and the Justice Safety Valve Act of 2013. *See*, H.R. 3382, 113th Cong. (2013); S. 1410, 133th Cong. (2013); H.R. 1695, 113th Cong. (2013); S. 619, 113th Cong. (2013). The defendant describes these bills as "pending, bi-partisan legislation in Congress which could greatly reduce Mr. Fuller's mandatory minimum, advisory guideline range and sentence[,]" and contends that "it is unclear whether such changes, if enacted, would be retroactively applied to any sentence pronounced prior to any effective date of the proposed legislation." Filing 36. So, the defendant is asking the Court for what would, in effect, be an indefinite continuance during the legislative process.

     The problem with the defendant's argument is that it is wholly speculative. The defendant is subject to a mandatory minimum sentence of 5 years. *See*, 21 U.S.C. § 841(b)(1)(B); filing 25 at 3. The Justice Safety Valve Act would (as introduced) permit the Court to impose a sentence below the statutory minimum based on the 18 U.S.C. § 3553(a) factors. S. 619 § 2. The Smarter Sentencing Act would (as introduced) reduce the mandatory minimum sentence for a violation of § 841(b)(1)(B) from 5 years to 2 years. S. 1410 § 4. If the legislation operated retroactively, the defendant's *potential* sentencing *range* might be affected.

     But pursuant to 1 U.S.C. § 109, the Court is barred from applying ameliorative criminal sentencing laws that replaced harsher ones in force at the time of the commission of an offense. *See*, *Warden v. Marrero*, 417 U.S. 653, 661 (1974); *Martin v. United States*, 989 F.2d 271, 274 (1993).

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

§ 109. The word "repeal" applies when a new statute simply diminishes the penalties that the older statute set forth. *Dorsey v. United States*, 132 S. Ct. 2321, 2330-31 (2012). And penalties are "incurred" under the older statute when an offender becomes subject to them; *i.e.*, commits the underlying conduct that makes the offender liable. *Id.* at 1331.

So, as a general rule, statutes reducing the penalty for a crime are *not* retroactive, in the absence of an express provision or necessary implication that Congress intends them to be. *See id.* at 2331-32. Neither bill at issue here contains such an express provision. *See*, S. 1410; S. 619. And courts are required, "before interpreting a new criminal statute to apply its new penalties to a set of pre-Act offenders, to assure themselves that ordinary interpretive considerations point clearly in that direction." *Dorsey*, 132 S. Ct. at 2332. While that is not impossible, *see id.*, there is simply no basis at this point to find such an implication in these nascent legislative proposals.

And more importantly, at this point, neither proposal has gone past referral to committee in the House or Senate. *See*, *H.R. 3382*, Congress.gov, http://beta.congress.gov/bill/113th/house-bill/3382 (last visited Jan. 14, 2013); *S. 1410*, Congress.gov, http://beta.congress.gov/bill/113th/senate-bill/1410 (last visited Jan. 14, 2013); *H.R. 1695*, Congress.gov, http://beta.congress.gov/bill/113th/house-bill/1695 (last visited Jan. 14, 2013); *S. 619*, Congress.gov, http://beta.congress.gov/bill/113th/senate-bill/619 (last visited Jan. 14, 2013). The bills appear to be mutually exclusive, meaning that there is no way to know what elements of which proposal might be enacted. In other words, there is no basis to find that either of these proposals is likely to be enacted, what final form they might take, how long the legislative process might last, or whether they would in the end help the defendant.

Such uncertainty is why courts have consistently affirmed the denial of continuances requested by a defendant to await potential legislation. *See United States v. Cook*, 375 Fed. Appx. 657, 658 (8th Cir. 2010); *see also*, *United States v. Fields*, 699 F.3d 518, 522-23 (D.C. Cir. 2012); *United States v. McMahon*, 422 Fed. Appx. 523, 525 (6th Cir. 2011); *United States v. McClendon*, 379 Fed. Appx. 898, 900 (11th Cir. 2010); *cf. United States v. Bonner*, No. 09-2352, 2010 WL 226351, at *3 (3d Cir. Jan. 21, 2010). "Pending legislation is generally too removed for . . . district courts to consider at

sentencing," especially where there is "no indication of whether or when such a bill would be considered by the full House of Representatives, or the Senate, let alone whether or when such bill would be passed by either house of Congress or signed into law by the President." *United States v. Lawrence*, 662 F.3d 551, 558 (D.C. Cir. 2011).

Fed. R. Crim. P. 32(b) requires the Court to "impose sentence without unnecessary delay." It would not be appropriate, much less necessary, for the Court to delay sentencing indefinitely "because of the chance that Congress *may* pass and the President *may* sign legislation at some unknown point in the future that turned out to be beneficial to the [defendant]." *Bonner*, at *3 (emphasis in original); *accord McMahon*, 422 Fed. Appx. at 525; *see also McClendon*, 379 Fed. Appx. at 900 (invoking Rule 32(b)). And the consequences of the defendant's reasoning would be startling if taken to its necessary end: in addition to reducing drug offense sentences, the Smarter Sentencing Act would afford safety valve relief to any defendant whose criminal history category was not higher than 2, while the Justice Safety Valve Act would permit a sentencing court to vary below nearly every statutory minimum in the United States Code. *See*, S. 1410 § 2; S. 619 § 2. Given the scope of the proposals and the proportion of the Court's docket that consists of drug offense prosecutions, the continuance of every sentencing that might be affected by this legislation could effectively halt criminal sentencing district-wide. It should be self-evident why the Court cannot countenance such a policy. Accordingly, the defendant's motion to continue (filing 36) will be denied.

IT IS ORDERED:

1. The defendant's Motion to Continue Sentencing (filing 36) is denied.

2. The Court will, after conferring with the parties, set this matter for sentencing as soon as possible.

Dated this 14th day of January, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge